UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRASHARD DELANEY, #671563,                )
                                    Plaintiff,    )
                                                  )        No. 2:25-cv-75
-v-                                               )
                                                  )        Honorable Paul L. Maloney
SARAH SCHROEDER, *et al.*,                        )
                                    Defendants.   )
                                                  )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Delany, a prisoner under the control of the Michigan Department of Corrections, alleges the defendants violated his civil rights.  Plaintiff filed this lawsuit without the assistance of counsel.  The only two claims remain in this lawsuit, both against Defendant Zampese.  Plaintiff has claims against Defendant in his individual capacity for retaliation and for interference with mail.

On January 9, 2026, Defendant filed a motion to dismiss for failure to exhaust administrative remedies.  ECF No. 38.  Defendant argues that it was not possible for Plaintiff to exhaust his administrative remedies.  The events on which the claims are based occurred on March 18, 2025 (filed a kite complaining about Defendant) and on March 25 (Defendant intentionally distributed Plaintiff's mail to other prisoners).  Plaintiff filed this lawsuit on April 22, 2025, before he could have exhausted the grievance process.  Defendant asserted he could rely on Rule 12 rather than Rule 56 for the motion because the complaint includes all of the facts necessary for him to raise the affirmative defense.  Plaintiff did not file any response.

On March 2, 2026, the Magistrate Judge issued a report recommending the court grant Defendant's motion.

On March 3, 2026, the clerk entered Plaintiff's response to Defendant's motion on the docket.  ECF No. 43.  The date stamp on the envelope indicates Plaintiff mailed the response on February 24.  PageID.221.

To date, the clerk has not docketed any objections to the report issued by the Magistrate Judge.

1.  Plaintiff did not timely file his response to Defendant's motion to dismiss.  The local rules require responses be filed within 28 days.  Plaintiff mailed his response more than two weeks after the 28-day deadline.

2.  Plaintiff has not timely filed any objection to the Magistrate Judge's report.  By statute and by rule, a party has 14 days to respond to report issued by a magistrate judge.  The report issued more than eight weeks ago.

3.  Even if the court were to consider Plaintiff's response as an objection to the report and recommendation, it would not alter the outcome.  Plaintiff does not dispute the timeline of events.  While he might have fully exhausted the grievance process at a later date, he did not obtain a Step III response before filing this lawsuit.  Plaintiff has not demonstrated any error of fact or law.

4.  The affidavit Plaintiff submitted with his response cannot be considered.  Defendant filed pleadings-based motion, not a motion for summary judgment.  The court can consider only the pleadings.

5. The allegations in the affidavit do not assist Plaintiff with his claim against Defendant Zampese. The affiant (not Plaintiff) alleges an unnamed corrections officer stated that the officer's brother used an app to find Plaintiff's girlfriend and was going to write her. The affiant does not indicate which corrections officer made this statement.

Accordingly, the court **ADOPTS** the report and recommendation (ECF No. 42) and **GRANTS** Defendant Zampese's motion to dismiss (ECF No. 38). **IT IS SO ORDERED.**

Date:   May 1, 2026                                    /s/  Paul L. Maloney
                                                          Paul L. Maloney
                                                          United States District Judge